JOHN C. SACK, Respondent, v. JOHN S. ELLIS, Sheriff, Appellant.

## No. 1125; March 27, 1867.

**Attachment — Wrongful Seizure.**—In an Action Against a Sheriff for the recovery of goods of the plaintiff, seized by him as being the goods of another person in an attachment proceeding against that person, the plaintiff has made out a prima facie case when he has proved possession at the time of the seizure.

**Attachment — Wrongful Seizure.**—In an Action Against a Sheriff for the recovery of goods of the plaintiff seized by him as the goods of another, the plaintiff, having rested after proving possession at the time of the seizure, may introduce evidence of the bona fides of such possession in rebuttal if the defendant meantime has put in testimony tending to show fraud. Such evidence would not be cumulative.

APPEAL from Twelfth Judicial District.

A. J. Gunnison for respondent; E. A. Laurance for appellant.

SHAFTER, J.—This is an action to recover the possession of certain merchandise claimed by the plaintiff as his property. The defendant justified the seizure and detention of the goods by virtue of a writ of attachment issued in Lander v. Tennent, to whom the answer averred the goods to belong. The only question litigated at the trial was as to the truth of this averment.

First. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the ground that the plaintiff had not made out a prima facie case. The motion was overruled.

The plaintiff introduced but one witness—who testified that the plaintiff was in possession of the goods at the time they were attached as the property of Tennent. The counsel of the defendant is mistaken in supposing that there is anything in the testimony of the witness tending to prove that the goods sued for were purchased by the plaintiff of Tennent, or that they ever belonged to him, or were ever in his possession. But should it be admitted that the evidence tended to prove that the plaintiff derived his title from Tennent, still

inasmuch as the plaintiff was in possession of the goods at the date of the seizure, according to the testimony of the witness, the prima facie case of the plaintiff would be perfect nevertheless.

Second. The defendant, being put to his defense, undertook to prove fraud both in law and in fact. There is nothing in the case calling for any detailed discussion of the evidence introduced by the parties respectively, in connection with the question of fraud in either of the aspects named. We are satisfied with the finding, and so much so that we should have felt ourselves called upon to grant a new trial had the finding been the other way.

Third. After the close of the defendant's testimony the plaintiff was allowed to call a witness to prove that his purchase from Tennent was in good faith and for a bona fide consideration.

This evidence was not cumulative to that which the plaintiff had introduced in his opening, but in rebuttal of the defendant's evidence in support of his defense of fraud.

Judgment affirmed.

We concur: Rhodes, J.; Currey, C. J.; Sanderson, J.; Sawyer, J.